Matter of New York City Asbestos Litig. (2021 NY Slip Op 06326)





Matter of New York City Asbestos Litig.


2021 NY Slip Op 06326


Decided on November 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 16, 2021

Before: Manzanet-Daniels, J.P., Kapnick, Mazzarelli, Scarpulla, JJ. 


Index No. 190014/14 Appeal No. 14615-14615A Case No. 2021-00870 

[*1]In the Matter of New York City Asbestos Litigation.
Ralph Lanza, as Personal Representative for the Estate of Santo Lanza, et al., Plaintiffs-Respondents,
Kaiser Gypsum Company, Inc., Defendant-Appellant.
Bram W. Kranichfeld, as Executor of the Estate of Henry C. Kranichfeld, Third-Party Plaintiff-Respondent,
Kaiser Gypsum Company, Inc., Third-Party Defendant-Appellant.


Marshall Dennehey Warner Coleman & Goggin, P.C., New York (Richard C. Imbrogno of counsel), for appellant.
The Early Law Firm, LLC, New York (Mark Bibro of counsel), for respondents.



Orders, Supreme Court, New York County (Lucy Billings, J.), entered September 8, 2020, which granted plaintiffs' motions for a joint trial of these actions, unanimously affirmed, without costs.
These two asbestos exposure actions involve common questions of law and fact (see CPLR 602[a]; Matter of New York City Asbestos Litig. [Brooklyn Nav. Shipyard Cases], 188 AD2d 214, 224-225 [1st Dept 1993], affd 82 NY2d 821 [1993]; see also Matter of New York City Asbestos Litig., 111 AD3d 574 [1st Dept 2013]; Matter of New York City Asbestos Litig., 99 AD3d 410 [1st Dept 2012]). Defendant has not established that it will be prejudiced by a joint trial of the actions. The actions share the sole remaining defendant, counsel in both actions are identical, plaintiffs' decedents were exposed to the same product manufactured by defendant for similar periods of time, and both decedents died of the same disease (see Matter of New York City Asbestos Litig., 121 AD3d 230 [1st Dept 2014], affd 27 NY3d 1172 [2016], 27 NY3d 765 [2016]). The fact that one of the decedents was a painter and the other a carpenter is a distinction without a difference since both were allegedly exposed to asbestos as a result of the sanding and cutting of defendant's joint compound. Their different exposures to products not manufactured by defendant can be addressed through carefully crafted juror instructions and special verdict sheets. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 16, 2021